SUMMARY ORDER

Petitioner Jin Chen, a native and citizen of the People’s Republic of China, seeks review of a September 15, 2008 order of the BIA affirming the July 20, 2007 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jin Chen, No. A200 037 453 (B.I.A. Sept. 15, 2008), aff'g No. A200 037 453 (Immig. Ct. N.Y. City Jul. 20, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Muka-sey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the *616 REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1 )(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
Taken as a whole, the IJ’s adverse credibility determination is supported by substantial evidence. See Xiu Xia Lin v. Mukasey, 534 F.Sd 162, 167 (2d Cir.2008). The IJ reasonably found not credible Chen’s claim that he was Catholic when he “was largely incapable of articulating anything about Catholicism, anything about Christianity, except that Jesus was the son of Mary.” Chen’s case is distinguishable from Rizal v. Gonzales, 442 F.3d 84, 89-90 (2d Cir.2006). In Rizal, we held that “[a] certain level of doctrinal knowledge is [not] necessary [for an applicant] to be eligible for asylum on grounds of religious persecution.” Id. at 90. We thus found error where the IJ discounted the petitioner’s testimony that he had been baptized, that he attended church regularly in Indonesia, and that he attended church in the United States solely because he was unable to answer specific doctrinal questions about Christianity such as where Jesus was crucified. Here, by comparison, Chen testified that he had never been baptized and that he had never attended church in the United States despite having been in the country for two years. Moreover, Chen could not answer even the most rudimentary questions about his purported faith such as the name of the “printed book” that he read from at his religious gatherings — presumably the Bible. See Zhen Li Iao v. Gonzales, 400 F.3d 530, 533 (7th Cir.2005) (stating that, while an applicant should not be required to have a deep understanding of Christian doctrine, it is reasonable to expect a purported Christian to know who Jesus Christ was or a purported Jew to know who Moses was). Thus, it was not improper for the IJ to rely on Chen’s limited involvement in, and minimal knowledge of, Catholicism in finding him not credible. Cf. Rizal, 442 F.3d at 89-90.
Having called Chen’s credibility into question, the IJ observed that Chen failed to provide any witnesses or documentation to establish that he belonged to an underground Catholic church or that he continued to practice his purported religion in the United States. The IJ also observed that Chen’s uncle, who is a permanent resident of the United States, failed to provide any evidence or appear at Chen’s hearing. The absence of such evidence rendered Chen unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Ultimately, considering the totality of the circumstances, the agency’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(l)(B)(iii). Because the only evidence of a threat to Chen’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief where they were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).[2]
*617 For the foregoing reasons, the petition for review is DENIED.

. Because Chen failed to challenge the IJ’s denial of his illegal departure claim either before the BIA or this Court, we deem any such argument abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).